UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Dexter Smith,<br><br>  Plaintiff,<br><br>v.<br><br>Tom Fox, Director of the J. Reuben Long Detention Center; and Phillip Thompson, Sheriff of Horry County,<br><br>  Defendants. | C/A No. 4:05-1554-GRA-TER<br><br><br>ORDER |

This matter is before the Court for a review of the magistrate's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C., and filed on June 23, 2006. Petitioner, an inmate with the South Carolina Department of Corrections ("SCDC"), filed a complaint pursuant to 42 U.S.C. § 1983. The *pro se* complaint was filed on June 6, 2005. Defendants filed a motion for summary judgment on November 28, 2005. As Plaintiff is proceeding *pro se*, a *Roseboro* order was filed on November 29, 2005, advising Plaintiff that he had thirty-four (34) days to file any material in opposition to the motion for summary judgment. *See Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). Plaintiff was specifically advised that if he failed to respond adequately, the motion for summary judgment may be granted, thereby ending his case. Plaintiff, thereafter, filed his opposition to the summary judgment motion on January 3, 2006. Defendants filed a reply on January 5, 2006. The magistrate recommends granting Respondent's motion

1

for summary judgment in its entirety and dismissing this case.

Plaintiff brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id*.

In order for objections to be considered by a United States District Judge, the objections must be timely and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held de novo review to be unnecessary in . . . situations when a party makes general

2

and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983). Plaintiff did not file objections to the Report and Recommendation.

A review of the docket report in this matter reveals that the Report and Recommendation was mailed to Plaintiff at the J. Reuben Long Detention Center on June 26, 2006. This mail was returned undeliverable on July 10, 2006. Plaintiff has not advised the Clerk of Court in writing of any change of address, in direct contravention of the magistrate's Order, filed on June 9, 2005 which states:

> You are ordered to always keep the Clerk of Court advised **in writing** (**Post Office Box 2317, Florence, South Carolina 29503**) if your address changes for any reason, so as to assure that orders or other matters that specify deadlines for you to meet will be received by you. If as a result of your failure to comply with this order, you fail to file something you are required to file within a deadline set by a District Judge or a Magistrate Judge, **your case be dismissed for violating this order.** Therefore, if you have a change of address before this case is ended, you must comply with this order by immediately advising the Clerk of Court in writing of such change of address **and providing the Clerk of Court with the docket numbers of all pending cases you have filed with this court.** You failure to do so will not be excused by the court.

Plaintiff has not complied with the language in the order quoted above, and, therefore, this Court will not excuse Plaintiff's failure to timely file objections to the magistrate's Report and Recommendation.

After a review of the magistrate's Report and Recommendation, this Court finds the report is based upon the proper law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

IT IS THEREFORE ORDERED that Defendants' motion for summary judgment be GRANTED in its entirety and the case be DISMISSED.

IT IS SO ORDERED.

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

July 25, 2006.

### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this Order within thirty (30) days after the judgment of this Order is entered, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified within Rule 4, will waive the right to appeal.